UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| LA TOIJA SNODGRASS, | ) | |
|     *Plaintiff*, | ) | |
| | ) | |
| *vs.* | ) | 1:13-cv-01206-JMS-TAB |
| | ) | |
| CASHCALL, INC. | ) | |
|     *Defendant*. | ) | |

## **ORDER**

Presently before the Court is Defendant Cashcall, Inc.'s ("Cashcall") Motion to Stay Action and Compel Arbitration. [Dkt. 9.] The basic thrust of Cashcall's Motion is that the arbitration clause in the Consumer Loan Agreement ("Loan Agreement") at issue here, [dkt. 10-2], requires Plaintiff's claims to be arbitrated.

"To determine whether a contract's arbitration clause applies to a given dispute, federal courts apply state-law principles of contract formation." *Gore v. Alltel Commn'cs, LLC*, 666 F.3d 1027, 1032 (7th Cir. 2012). This requires the Court to apply the correct contract law in deciding both whether a contract was formed and, if so, what legal principles guide the interpretation of that contract. Neither party, however, addressed which law governs the Loan Agreement. This question is of particular importance given that the Loan Agreement states:

> This Loan Agreement is subject solely to the exclusive laws and jurisdiction of the Cheyenne River Sioux Tribe, Cheyenne River Indian Reservation. By executing this Loan Agreement, you, the borrower, hereby acknowledge and consent to be bound to the terms of this Loan Agreement, consent to the sole subject matter and personal jurisdiction of the Cheyenne River Sioux Tribal Court, and that no other state or federal law or regulation shall apply to this Loan Agreement, its enforcement or interpretation.

[Dkt. 10-2 at 1 (bold omitted).]

Accordingly, the Court **ORDERS** the parties to confer to see whether they can agree as to what law applies to the Court's analysis of the contract formation issue.  If so, they shall file a joint statement explaining which law governs the Loan Agreement, and a statement of the applicable legal principles, by **November 21, 2013**.  If the parties cannot agree which law governs, they must file separate statements setting forth their respective positions by that date.

11/07/2013

_____
Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution via ECF only:**

James M. Hinshaw
BINGHAM GREENEBAUM DOLL LLP
jhinshaw@bgdlegal.com

Patrick Austin Ziepolt
BINGHAM GREENEBAUM DOLL LLP
pziepolt@bgdlegal.com

Ryan Scott Lee
KROHN & MOSS LTD.
rlee@consumerlawcenter.com